UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. FOWLER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN FOX,<br><br>　　　　　Respondent. | No.: 1:18-cv-01516-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 28) |

Petitioner Michael R. Fowler is a state prisoner proceeding in *propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising various claims all related to his contention that he was not afforded a fair trial in connection with the challenged judgment of conviction entered against him in state court. (Doc. No. 1.) Following a jury trial in state court, on July 22, 2015, petitioner was convicted of assault with a deadly weapon and false imprisonment. *People v. Fowler*, 2018 Cal. App. Unpub. LEXIS 2540, at *1 (Cal. App. 5th Dist. April 16, 2018). As a result of that conviction, petitioner is currently serving a sentence of 25-year to life in state prison, plus two 5-year terms for prior serious felony enhancements which were stayed. *Id.* at *2. Respondent Warden Fox filed an answer to the pending petition for federal habeas relief on December 5, 2019, contending that petitioner was properly sentenced

after he received a fair trial. (Doc. No. 24 at 1-24.) Petitioner responded with a traverse on December 30, 2019. (Doc. No. 26.)

In a detailed findings and recommendations issued on February 7, 2020, the assigned magistrate judge found petitioner's claims to lack merit and recommended that his habeas petition be denied. (Doc. No. 28.) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty days from the date of service. On March 16, 2020, petitioner filed his objections. (Doc. No. 31.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. As the pending findings and recommendations recount, after his judgment of conviction was affirmed on appeal and his petition for review was denied, petitioner filed state habeas petitions in the superior court, state appellate court, and state supreme court—all of which were denied. (Doc. No. 28 at 2.) The magistrate judge considered and appropriately rejected all of petitioner's arguments based on alleged violation of the Confrontation Clause, lack of prosecutorial due diligence, prosecutorial misconduct, ineffective assistance of counsel, and the trial judge's bias. (*Id.* at 5-18.) Having carefully reviewed the state courts' decisions and the pending findings and recommendations, the court finds the magistrate judge's analysis and conclusion to be supported by the record and the law.

Petitioner's objections to the findings and recommendations are unavailing. In those objections petitioner advances arguments inconsistent with the deferential standard a federal habeas court must apply in evaluating state court rulings under 28 U.S.C. § 2254. *See Briceno v. Scribner*, 555 F.3d 1069, 1076 (9th Cir. 2009) ("§ 2254(d) established a highly deferential standard for evaluating state court rulings."). In this regard on federal habeas review, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Yet petitioner has failed to present such clear and convincing evidence refuting the factual findings on which the state trial and appellate courts made their rulings. Moreover, the arguments raised by petitioner in his objections, (*see* Doc. No. 31 at 1-5), fail to overcome the deference this federal habeas court must

/////

afford to state court rulings, even on federal law issues.  *See Harrington v. Richter*, 562 U.S. 86, 103 (2011).  The court will therefore adopt the pending findings and recommendations.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  28 U.S.C. § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made such a showing.  Accordingly, a certificate of appealability will not be issued.

For the reasons set forth above:

1. The findings and recommendations, filed February 7, 2020 (Doc. No. 28), is adopted in full;

2. The petition for writ of habeas corpus is denied;

3. The clerk of court is directed to enter judgment and close this case; and,

4. The court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:  **April 26, 2020**

UNITED STATES DISTRICT JUDGE